LILLIAN LEDERER, Appellant, *v.* CARL KAUFMAN, Respondent.

*Practice — calendar in Bronx county.*

Appeal from an order of the Supreme Court, made at Bronx Trial Term, denying the plaintiff's motion to have this cause placed on the special calendar.

PER CURIAM: This action was to recover upon an obligation for the payment of a specific sum of money and hence entitled to be placed upon the special calendar for trial pursuant to subdivision 1 of rule IV of the Special and Trial Term Rules of the Supreme Court in Bronx county. We are reluctant to interfere with the disposition of a calendar motion by the Trial Term, and only do so because we apprehend that the motion was denied under a misconstruction of the rule and not in the exercise of discretion. The order should be reversed and the motion granted. Present — Clarke, P. J., Scott, Smith, Page and Davis, JJ. Order reversed and motion granted.

———

TRIANGLE WAIST COMPANY, Respondent, *v.* GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CORPORATION, LIMITED, OF PERTH, SCOTLAND, Appellant.

Appeal from a judgment entered on a verdict and also from an order denying a motion for a new trial.

PER CURIAM: The verdict is not against the weight of evidence; therefore, irrespective of the question of waiver on the part of the defendant, the judgment should stand. Furthermore, the accident did not occur within any exception of the policy. Repairs were being made by a contractor. Among other things, tiling was to be put upon the wall. This radiator had been removed by the plumber who was working with the contractor, for the purpose of giving opportunity to the contractor to place the tiling back of where the radiator stood. This tiling was placed there about two o'clock in the afternoon and the radiator was returned and replaced by the plumber and entirely connected up. That night the plaintiff's officers came to the building and told its servant to uncouple the radiator and put it in a different place in the hall "and see what it looks like." These facts were proven by defendant's witness. It appears, therefore, that the removal of the radiator to the place where the accident happened on the following day was not in any way connected with the repairs that were being done and which were required to be done by an independent contractor. If there had been no repairs in progress this radiator might well have been removed in the same way, and if an accident resulted therefrom this defendant would have been liable to reimburse the Triangle Waist Company under the policy. The judgment and order should be affirmed, with costs. Present — Clarke, P. J., Laughlin, Dowling, Smith and Shearn, JJ. Judgment and order affirmed, with costs.